

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LM INSURANCE CORPORATION,

                     Plaintiff,

     -against-

FEDERAL INSURANCE COMPANY; NEW YORK   :   MEMORANDUM DECISION AND ORDER
MARINE AND GENERAL INSURANCE
COMPANY,                                   20 Civ. 2258 (GBD)

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GEORGE B. DANIELS, District Judge:

       Plaintiff LM Insurance Corporation brings this action seeking a declaration that Defendants

Federal Insurance Company ("Federal") and New York Marine and General Insurance Company

("NYMAGIC") have a primary duty to defend and indemnify LM Insurance's named insured in

the underlying state action, *Mary Guzman v. Old Slip Property LLC and Beacon Capital Partners,*

*LLC*, Index No. 7292/2016. (Complaint, ECF No. 1.) NYMAGIC and Federal filed counterclaims

against LM Insurance and crossclaims against one another. (NYMAGIC's Answer to Compl.

("NYMAGIC's Answer), ECF No. 12, at ¶78; Federal's Answer to Compl. ("Federal's Answer"),

ECF No. 25, at 11-13.) Before the Court are LM Insurance's and NYMAGIC's cross motions for

summary judgment. (LM Insurance Mot. for Summary Judgment, ECF No. 55; NYMAGIC Mot.

for Summary Judgment, ECF No. 61.) LM Insurance's motion is GRANTED to the extent that

Federal has a duty to defend Old Slip in the underlying action, but DENIED as to NYMAGIC's

duty to defend Old Slip, and DENIED without prejudice as to declaring whether Federal has a duty

to indemnify LM Insurance. NYMAGIC's motion declaring that it has no duty to defend or

indemnify LM Insurance or Federal is GRANTED.

## I. FACTUAL BACKGROUND

The Court has drawn the following facts from the parties' Local Rule 56.1 statements and summary judgment briefings. The facts are undisputed unless otherwise noted.

### A. The Underlying Action

On June 20, 2016, Mary Guzman brought an action against Old Slip Property, LLC and Beacon Capitol Partners (collectively "Old Slip") in state court for injuries she suffered when a glass panel detached and fell on her while she was cleaning a revolving glass door on the fifteenth floor of Old Slip's building. (Complaint at ¶3.) Old Slip was the owner and landlord of the building where the incident occurred. (Statement of Undisputed Facts, ECF No. 57, at ¶7.) BNY[1] leased the fifteenth floor where the revolving door was located. (Federal Counterstatement to Undisputed Facts, ECF No. 81, at ¶ 8.) Guzman was an employee of PBM—a cleaning services company that had separate service contracts with both Old Slip and BNY. (NYMAGIC Counterstatement to Undisputed Facts, ECF No. 71, at ¶¶ 16, 25; ECF No. 81 at ¶ 81.) The parties dispute whether Guzman was performing services for Old Slip or BNY when the accident occurred.[2]

On November 7, 2017, Old Slip impleaded PBM (the "Third Party Complaint") alleging that PBM caused Guzman's accident because of PBM's "affirmative, active and sole negligence." (ECF No. 57 at ¶¶ 10-11.) On February 25, 2019, Old Slip impleaded Bank of New York ("BNY") (the "Second Third Party Complaint") alleging that BNY leased the premises where the accident occurred and that "Guzman's injuries arose" out of BNY's "affirmative, active and primary

---

[1] At the time of the alleged accident, the tenant was known as Bank of New York Mellon ("BNYM"). (Federal Counterstatement to Undisputed Facts, ECF No. 81, at ¶ 8.)

[2] There is a genuine factual dispute as to which contract Guzman was fulfilling at the time of her injury. (*See* Reply Mem. in Supp. of Summary Judgment, ECF No. 90, at 2-3.)

negligence." (ECF No. 57 at ¶¶ 12-13.) BNY asserted cross claims against PBM on May 31, 2019 alleging that PBM is liable for Guzman's injuries. (ECF No. 58-10 at 10.) On June 29, 2020, Guzman filed an amended complaint naming BNY as a defendant. (ECF No. 57 at ¶ 14.)

All the parties in the underlying action have insurance. PBM is a named insured of NYMAGIC; BNY is a named insured of Federal; and Old Slip is the named insured of LM Insurance. (*Id.* at ¶¶ 31, 38, 46-47.) Notwithstanding the pleadings, LM Insurance provided notice to NYMAGIC regarding the defense and indemnification of Old Slip by email on July 15, 2016, and to Federal by letter on May 20, 2019.[3] (*Id.* at ¶¶ 50, 52.)

## B. The Lease, Service Contracts, and Insurance Policies

### 1. *BNY Lease and Insurance Policy*

BNY leased "the entire 15th…Floor[]" from Old Slip in the building where the accident occurred. (Dec. of James T.H. Deaver, ECF No. 82-2, at 10.) As part of the lease agreement, BNY agreed to provide additional commercial liability insurance to Old Slip through Federal. (ECF No. 57 at ¶ 19.) Federal's insurance policy has two different endorsements that provide the qualifications for a person or organization to have liability coverage as an additional insured: the "Additional Insured-Designated Person/Organization" endorsement and the "Additional Insured-Scheduled Person or Organization" endorsement. (ECF No. 82-1 at 89, 110-11.) Federal's Designated Person/Organization endorsement qualifies as an additional insured "[a]ny Person or organization designated below…only with respect to liability arising out of [BNY's] operations or premises owned or rented by [BNY]." (*Id.* at 89.) The Designated Person/Organization

---

[3] LM Insurance also sent emails to NYMAGIC on August 15, 2017, October 11, 2018, and October 17, 2018. (ECF No. 57 at ¶ 50.) LM Insurance sent an additional tender letter to Federal on November 21, 2019. (*Id.* at ¶ 52.)

3

endorsement then goes on to provide that a designated person or organization is someone required by written contract and lists a Nevada organization as pictured below:

| Designated Person Or Organization |
|---|
| WHERE REQUIRED BY WRITTEN CONTRACT. CLARK COUNTY, NEVADA C/O PURCHASING & CONTRACTS DIVISION 500 S. GRAND CENTRAL PKWY 4TH FL, PO BOX 551217 LAS VEGAS, NV 89155-1217 CITY OF LAS VEGAS, ITS OFFICERS, EMPLOYEES AND AGENTS |

(ECF No. 82-1 at 89.) The Scheduled Person or Organization endorsement qualifies "any person or organization shown in the Schedule acting pursuant to a written contract or agreement between [BNY] and such person or organization" as an additional insured with respect to liability arising out of "[BNY's] premises." However, the Scheduled Person or Organization endorsement does not provide coverage for liability arising out of the additional insured's sole negligence. (*Id.* at 110.) The referenced Schedule provides as an additional insured "persons or organizations that [BNY] are obligated" to provide insurance to pursuant to a written agreement. (*Id.* at 111.)

2. *PBM Service Contracts and Insurance Policy*

Old Slip and BNY had written service contracts with PBM for specific cleaning services, including the cleaning of the revolving door at issue. (*See* Dec. of Kirsten Hoffman, ECF No. 59-3, at 15; Dec. of James T.H. Deaver, ECF No. 78-17, at 4.) Both service contracts require PBM to include Old Slip and BNY as an additional insured. (ECF No. 57 at ¶¶ 26-28; ECF No. 81 at ¶¶ 81-83.) NYMAGIC's Commercial General Liability Policy qualifies as an additional insured any person or organization PBM has a written agreement to provide additional insurance to and provides coverage when PBM is performing operations for such person/organization. (Dec. of Marshall Potashner, ECF No. 60-1, at 17.) NYMAGIC's additional insurance endorsement only provides coverage for liability "caused, in whole or in part, by" PBM's "acts or omissions…in the performance of [PBM's] ongoing operations for the additional insured." (*Id.*)

4

## C. Procedural History

LM Insurance brought this action on March 13, 2020, to obtain a declaration that Defendants Federal and NYMAGIC have a duty to defend and indemnify Old Slip in the underlying action, and that this additional insurance is primary to LM Insurance's coverage of Old Slip. *(See* Complaint at ¶¶ 58, 64.) NYMAGIC filed a crossclaim against Federal and a counterclaim against LM Insurance seeking a declaratory judgment that if NYMAGIC is found to have a duty to defend and indemnify, such duties are not primary but simply "other insurance." (NYMAGIC Answer to Complaint at ¶ 78.) Federal filed crossclaims against NYMAGIC seeking a declaration that NYMAGIC has a duty to defend and indemnify BNY in the underlying action and that such coverage is primary. (Federal Answer to Complaint at 11-13.)

LM Insurance moved for summary judgment seeking a declaratory judgment that (1) Federal has a duty to defend and indemnify, (2) NYMAGIC has a duty to defend, and (3) that all such coverage is primary. (ECF No. 55.) NYMAGIC moved for summary judgment against LM Insurance and Federal to dismiss all claims against NYMAGIC. (ECF No. 61.)

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A fact is material when it "might affect the outcome of the suit under the governing law." *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Gayle*, 313 F.3d at 682 (quoting *Anderson*, 477 U.S. at 248).

5

The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). In turn, to defeat a motion for summary judgment, the opposing party must raise a genuine issue of material fact. *See Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002). To do so, it "must do more than simply show that there is some metaphysical doubt as to the material facts," *id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), and it "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)). Rather, the opposing party must produce admissible evidence that supports its pleadings. *See First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289–90 (1968). In this regard, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

In determining whether a genuine issue of material fact exists, a court must construe the evidence in the light most favorable to the opposing party and draw all inferences in that party's favor. *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (quoting *Anderson*, 477 U.S. at 252). However, "a court must not weigh the evidence, or assess the credibility of witnesses, or resolve issues of fact." *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016) (citation and internal quotation marks omitted). Summary judgment is therefore "improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." *Marvel*, 310 F.3d at 286.

6

## III. DUTY TO DEFEND

LM Insurance asserts that summary judgment is appropriate to declare that Federal and NYMAGIC have a duty to defend Old Slip in the underlying action based upon the allegations in original and amended complaint, BNY's crossclaims against PBM, and its Third-Party Complaint.[4] NYMAGIC contrarily contends that the undisputed facts demonstrate that it has no duty to defend Old Slip nor BNY in the state action because neither of the complaints nor crossclaims provide the basis for coverage pursuant to NYMAGIC's general insurance policy.

### A. Federal's Duty to Defend

The undisputed facts demonstrate that Federal has a duty to defend Old Slip in the underlying action from the date it received LM Insurance's first tender letter on May 20, 2019.

Under either of Federal's two additional insured endorsements, it is undisputed that Federal would owe a duty to defend Old Slip for potential liability arising out of the premises leased by BNY. (Mem. of Law in Opp. to LM Insurance Mot. for Summary Judgment ("Federal Opp. to LM Insurance"), ECF No. 80, at 11.) It is also undisputed that the accident occurred while Guzman was cleaning the revolving doors that provided access to BNY's leased office space on the fifteenth floor. Federal argues that while these facts are true, the door was not necessarily a part of BNY's lease with Old Slip. Thus there is no potential liability arising out of the premises leased by BNY. (*See* ECF No. 80 15-20.)

New York law prescribes a duty to defend "exceedingly broad." *Automobile Ins. Co. of Hartford v. Cook*, 7 N.Y.3d 131, 137 (2006). "A duty to defend is triggered by the allegations

---

[4] Given that Federal has conceded that Federal owed a duty to defend Old Slip "subject to a full reservation of rights, commencing as of the date the proposed Amended Complaint [was] filed prior to July 30, 2021," the only issue is whether the tender letter on May 20, 2019 gave rise to Federal's duty to defend. (Federal Mem. of Law in Opp. to LM Insurance Mot. for Summary Judgment, ECF No. 80, at 2-3.)

7

contained in the underlying complaint." *BP Air Conditioning Corp. v. One Beacon Ins. Grp.*, 8 N.Y.3d 708, 714 (2007). Thus, determining a duty to defend usually requires a "compar[ing] [of] the allegations [in] the complaint to the insurance policy's terms." *Atl. Cas. Ins. Co. v. Value Waterproofing, Inc.*, 918 F. Supp. 2d 243, 252 (S.D.N.Y), *aff'd sub nom. Atl. Cas. Ins. Co. v. Greenwich Ins. Co.*, 548 F. App'x 716 (2d Cir. 2013).

However, "[e]ven if the underlying complaint does not allege a covered occurrence as defined by the policy, an insurer must defend if it has 'actual knowledge of facts establishing a reasonable possibility of coverage.'" *Jovani Fashion, Ltd. v. Fed. Ins. Co.*, 416 F. Supp. 3d 334, 344 (S.D.N.Y. 2019) (quoting *Fitzpatrick v. Am. Honda Motor Co.*, 78 N.Y.2d 61, 67 (1991)). Thus, notwithstanding the allegations in the complaint, Federal's duty to defend would exist once Federal had "actual knowledge of facts establishing a *reasonable possibility*" of liability arising out of BNY's leased premises. *Jovani Fashion*, 416 F. Supp. 3d at 344 (quotations omitted). Therefore, the issue is whether the tender letter, describing Guzman's accident as occurring while cleaning the revolving door on the fifteenth floor where BNY had its leased office provided Federal notice that there is a reasonable possibility of coverage. It unequivocally does so.

It is an unreasonable argument that the lease between Old Slip and BNY excludes the very door that leads to BNY's leased premises. (*See* ECF No. 80 15-20.) Although inferences must be drawn in favor of the non-moving party, it is unreasonable to infer that the door to BNY's office space is not a part of BNY's leased premises.[5] This is especially true when the lease specifies that BNY was to lease "the entire 15th floor."[6] (ECF No. 82-2 at 10.) Thus, Federal's arguments that

---

[5] Federal also argues that there is a dispute over which party was responsible for maintaining the door. That very well be true, but it does not preclude Federal's duty to defend Old Slip given the reasonable possibility of coverage.

[6] In fact, the very service contract Federal relies on to obtain coverage from NYMAGIC requires PBM to "spot clean entrance[.]" (ECF No. 78-17 at 4.)

8

the revolving door was excluded from the lease fails to raise a genuine issue of material fact. (ECF No. 80 at 15-20.) No law exists stating that a doorway to a leased premise is not a part of the lease. There is clearly a duty for Federal to defend Old Slip once it had actual knowledge that the complaint alleged facts possibly giving rise to liability arising from BNY's leased premises. LM Insurance provided Federal this actual knowledge through its tender letter on May 20, 2019, therefore giving rise to a duty to defend as of that date.

**B. NYMAGIC's Duty to Defend**

NYMAGIC, however, does not have a duty to defend either BNY or Old Slip. Pursuant to NYMAGIC's insurance policy, a duty to defend either party exists if (1) PBM had a written contract promising additional coverage with either party; (2) Guzman was performing operations for BNY or Old Slip; and (3) PBM is the "cause, in whole or in part" of Guzman's injuries. (Declaration of Eric Leibowitz, ECF No. 63-17, at 68.) The "cause, in whole or in part" language requires a showing that PBM was the proximate cause, in whole or in part, of Guzman's injuries. *See Burlington v. NYC Transit Authority*, 29 N.Y.3d 313 (2017). It is undisputed that PBM had a written contract with both BNY and Old Slip requiring additional insurance coverage, thus the only (2) and (3) above are at issue.

Federal and LM Insurance assert that BNY's crossclaims against PBM, and Old Slip's third-party complaint impleading PBM in the underlying action, can be the basis for summary judgment finding that NYMAGIC has a duty to defend both parties. (*See* LM Insurance Mem. of Law in Support of Mot. for Summary Judgment ("LM Mem. of Law"), ECF No. 56, at 8-10; Federal Mem. of Law. In Opp. to NYMAGIC's Mot. for Summary Judgment, ECF No. 79, at 6-10.) The pleadings are undisputed, and LM Insurance and Federal contend that, the allegations contained in the pleadings meet the requisite requirements for coverage pursuant to NYMAGIC's

9

insurance policy. (LM Mem. of Law at 8-10.) Specifically, LM Insurance and Federal assert that because the pleadings allege Guzman failed to look for defects, or was cleaning the door in an unsafe manner, there is a possibility that PBM was the proximate cause of her injuries resulting in NYMAGIC having a duty to defend. (*See* Transcript, ECF No. 97, at 12:2-5, 45:4-5.) Relying on *BP Air*, *Automobile Ins. Co. of Hartford*, *Allstate*, and *Travelers*, they argue that the allegations may very well be meritless. However, a duty to defend exists if the pleadings contain allegations covered by the NYMAGIC's insurance policy. (*See* LM Mem. of Law at 8-10; ECF No. 97at 14:1-23.)

It is true that "a duty to defend has been based on...allegations in third party complaints alleging negligence and seeking indemnification and contribution from the named insured." *Travelers Prop. Cas. Co. of Am. v. Harleysville Ins. Co. of New York*, 128 N.Y.S.3d 154 (N.Y. Sup. Ct. 2020); *see also*, *All State Interior Demolition Inc. v. Scottsdale Ins. Co*., 92 N.Y.S.3d 256 (2019) (finding that a third-party complaint that incorporates the underlying complaint by reference is sufficient to trigger a duty to defend). This reasoning extends to crossclaims as well. *See Wks. v. Oneida Cty.*, 91 A.D.2d 1165 (4th Dep't 1983). However, although the allegations contained on the face of an underlying complaint can trigger a duty to defend, a court may probe the allegations contained in a third-party complaint or crossclaim to examine whether the contentions plausibly give rise to a duty to defend. *See Pioneer Cent. Sch. Dist. v. Preferred Mut. Ins. Co.*, 86 N.Y.S.3d 364 (2018) (reviewing the allegations in the complaint to determine whether it demonstrated that the third-party defendant could be a cause of the accident triggering the additional insured clause of an insurance policy.)

*Pioneer* is dispositive of this case. In *Pioneer,* Kleanerz, a janitorial service, entered into a contract with Pioneer promising to provide cleaning services and additional insurance that

10

required Kleanerz to be a proximate clause for any bodily injury sustained. *Pioneer*, 86 N.Y.S.3d at 365. A Kleanerz employee injured herself while slipping on snow or ice in Pioneer's parking lot. *Id*. at 366. She brought an action against Pioneer for damages. *Id*. at 366. Pioneer filed a third-party complaint impleading Kleanerz alleging that Kleanerz was a proximate cause of plaintiff's injuries, in part because Kleanerz instructed the employee to exit the building near where the employee slipped. *Pioneer*, 86 N.Y.S.3d at 366. Pioneer then brought an action seeking a declaration that the insurance company for Kleanerz had a duty to defend Pioneer because of the allegations contained in the third-party complaint. *Id* at 366. On summary judgment, the *Pioneer* court did not find Pioneer's arguments persuasive. Instead, the *Pioneer* court found that since "it [was] undisputed that Kleanerz was not responsible for clearing ice and snow from the parking lot...Kleanerz' instructions to [the employee] merely furnished the occasion for the injury." *Pioneer*, 86 N.Y.S.3d at 366 (quotations omitted). Thus, there was no duty to defend. *Id*.

The facts here are analogous to those in *Pioneer*. It is undisputed that there are claims in the underlying action seeking to hold PBM as part of the proximate cause for Guzman's injuries. However, even considering the evidence in the light most favorable to LM Insurance and Federal and drawing all inferences in their favor, the claims do not give rise to NYMAGIC's duty to defend. It may very well be true that Guzman failed to look for defects or cleaned the door in an unsafe manner. However, even at the summary judgment stage, the Court can peel back the allegations to determine whether PBM was actually a proximate cause as alleged in the pleadings. None of the undisputed facts or inferences lead to the conclusion that PBM may have been the proximate cause of an unsafe revolving door that had a glass panel dislodge from its holding. PBM nor Guzman owned the door nor oversaw maintenance of the door. The underlying pleadings

11

simply show that PBM, at most, "merely furnished the occasion for the injury." *Pioneer*, 86 N.Y.S.3d at 366. Therefore, NYMAGIC has no duty to defend BNY or Old Slip.

## IV. DUTY TO INDEMNIFY

LM Insurance also seeks a declaration that Federal has a duty to indemnify for the underlying action. However, it is premature to make such a decision because of the factual disputes as to whether BNY was solely negligently responsible for the injuries in the underlying action.

A duty to indemnify, unlike the duty to defend, "does not turn on the pleadings, but rather on whether the loss, as established by the facts, is covered by the policy." *Atl. Mut. Ins. Co. v. Terk Techs. Corp.*, 763 N.Y.S.2d 56, 60 (2003). A declaration that a party has a duty to indemnify "requires a determination that the insured is liable for a loss covered by the policy." *Lehrer McGovern Bovis, Inc. v. Halsey Const. Corp.*, 679 N.Y.S.2d 68, 69 (1998). While it is true that a court can make such a determination when coverage hinges on facts not dispositive of the underlying action, such a determination is premature if it is premised on "issues of fact as to liability in the underlying personal injury action." *See, e.g., Mt. Hawley Ins. Co. v. Am. States Ins. Co.* 92 N.Y.S.3d 238, 239 (1st Dept. 2019).

Here, there are two issues regarding Federal's duty to indemnify. First, and principal to whether Federal has a duty to indemnify, is determining which part of Federal's insurance policy applies. Federal has two endorsements, the "Additional Insured-Designated Person/Organization" and "Additional Insured-Scheduled Person or Organization" endorsements. (ECF No. 82-1 at 89, 110-11.) The latter endorsement does not cover liability arising out of the additional insured's sole negligence. (*Id*. at 110.)

The parties provide diverging arguments on whether Old Slip qualifies for the broader "Designated Person/Organization" endorsement. (ECF No. 80 at 5-6.) Old Slip argues that it

12

qualifies for the broader endorsement because the "Written by Contract" language in the endorsement is a standalone requirement. (LM Insurance Reply Mem. of Law, ECF No. 90, at 4-5.) At the very least, LM Insurance would like the Court to find that the language in the two endorsements is ambiguous. (*Id.* at 5.) Federal contends that the scope of the broader endorsement is not ambiguous and limited only to organizations specifically listed under the designated person/organization endorsement. (*Id.*; *see also* Transcript at 56:11 – 57:16.) So, the only organization that qualifies for the designated endorsement would be the Nevada organization listed in the policy. (*See* Transcript at 56:11 – 57:16.) Federal's argument hinges on the notion that the separate endorsements would be superfluous since both endorsements require at a minimum that there must be a written contract requiring BNY to provide additional insurance. The Court agrees.

A court may determine the meaning of the terms of a contract if they are "are clear and unambiguous." *Palombo Grp. v. Poughkeepsie City Sch. Dist.*, 3 N.Y.S.3d 390, 392 (2015). The terms here are clear. Both endorsements have a requirement that there be a written contract requiring additional insurance. Thus, there must be a difference between the two endorsements or else the endorsements are seemingly redundant making any distinction between the two endorsements surplus. "We disfavor contract interpretations that render provisions of a contract superfluous." *Int'l Multifoods Corp. v. Com. Union Ins. Co.*, 309 F.3d 76, 86 (2d Cir. 2002). To ensure all insurance terms have meaning, a court looks at the difference between the two endorsements. One endorsement applies to "designated" people or organizations. The plain meaning of this endorsement title, and to ensure there are no redundant requirements between separate endorsements, leads to the conclusion that it applies only to those persons or organizations specifically listed out in the policy. Because Old Slip is a not listed as a "designated" organization

13

or person, it can only qualify as an additional insured under the "Schedule Person/Organization" endorsement. Therefore, Federal has a duty to indemnify unless Old Slip was solely negligent.

However, any determination of whether Old Slip was solely negligent is premature. *See Mt. Hawley Ins. Co.* 92 N.Y.S.3d at 239. While it is unreasonable to conclude that the accident did not occur on BNY's premises, there are still open questions of liability that must be determined in the underlying action. Specifically, Federal argues that there would be no duty to indemnify if "Old Slip had retained or assumed sole responsibility for the maintenance and repair of the mechanical revolving door." (ECF No. 80 at 11.) While LM Insurance did not pay credence to these assertions in its briefings because of its insistence that the broader endorsement applies, it is a liability determination not to be made here. It therefore cannot be declared whether Federal will have a duty to indemnify.

## V. CONCLUSION

LM Insurance's motion for summary judgment, (ECF Nos. 55 and 56), declaring that Federal has a duty to defend is GRANTED, but DENIED as to declaring that NYMAGIC has a duty to defend and DENIED without prejudice with regard to a declaration that Federal has a duty to indemnify. NYMAGIC's motion for summary judgment, (ECF No. 61), declaring that it owes neither a duty to defend or indemnify LM Insurance or Federal is GRANTED. The Clerk of Court is directed to close the motions accordingly.

Dated:  February 15, 2022
New York, New York

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE